

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Senator Houghton Brownlee, Chairman
Committee on Highways and Motor Traffic
Capitol Building
Austin, Texas

Dear Sir:

Attention: Senator Fred Mauritz

Opinion No. O-3256
Re: Difference between paragraph
"b" of S. B. No. 121 and Para-
graph "b" of a substitute bill.

We received the following letter from you which
is self-explanatory and reads as follows:

"Attached hereto, is a copy of S. B. No.
121, which is the same as H. B. No. 26, and in
consideration of these bills before committees,
the question has come up as to the consignment
clause in Section (b).

"The proposed substitute for the bill, I
have marked exhibit 'A', and enclosed herewith,
and I would like for you to give me your opin-
ion as to the difference between Section (b) of
the original bill and Section (b) in exhibit 'A'."

Sections 1 and 1a (1) of the original bill and the
substitute bill are identical, and for the purpose of clarify-
ing, we quote the same as follows:

"Section 1. That Chapter 277, Acts of the
Regular Session of the Forty-second Legislature
of the State of Texas, as heretofore amended,
(Art. 911b, V.A.C.S.) be and the same is hereby,
amended by adding two new sections at the end
of Section 1 thereof, which said new sections
shall be known as Section 1a and Section 1b and
shall read as follows:

"'Section 1a (1) Provided, however, that
the term 'Motor Carrier' and the term 'Contract

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Senator Houghton Brownlee, Page 2

Carrier' as defined in the preceding section shall not be held to include:"

(Paragraph "b" of the original bill (S.B. No. 121))

"(b) Any person transporting his own employees, or transporting his own farm implements, livestock, livestock feedstuffs, dairy products, horticultural products, floral products, agricultural products or wool and mohair to and from the area of production and to and from the market or place of storage thereof; provided, however, the possession of such goods, wares and merchandise, enumerated in this subdivision, by such carrier under a bona fide consignment contract, shall for the purpose of this Act, be deemed ownership, if such consignment is merely incidental to the regular, separate, fixed and established business of the consignee, other than a transportation business; nor"

(Paragraph "b" of the substitute bill)

"(b) Any person transporting farm implements, livestock, livestock feedstuffs, dairy products, horticultural products, floral products, agricultural products, or wool and mohair of which such person is the bona fide owner on a vehicle of which he is the bona fide owner to and from the area of production and to and from the market or place of storage thereof; provided, however, if such person (other than a transportation company) has in his possession under a bona fide consignment contract livestock, wool, mohair, milk and cream, fresh fruits and vegetables, as an incident to a separate, fixed and established business conducted by him the said possession shall be deemed ownership under this Act."

Paragraph "b" of the original bill provides that a person may transport his own employees. Such is not provided for in paragraph "b" of the substitute bill.

Paragraph "b" of the substitute bill provides that the person transporting the goods must be the bona fide owner of the vehicle used in connection therewith while paragraph

Senator Houghton Brownlee, Page 3

"b" of the original bill contains no such proviso.

Paragraph "b" of the original bill provides that a person may, under a bona fide consignment contract, transport farm implements, livestock, livestock feedstuffs, dairy products, horticultural products, floral products, agricultural products, wool and mohair. Paragraph "b" of the substitute bill provides that a person may under a bona fide consignment contract, transport livestock, wool, mohair, milk and cream, fresh fruits and vegetables.

Paragraph "b" of the original bill provides that "the possession of such goods, wares and merchandise . . . by such carrier under a bona fide consignment contract, shall . . . be deemed ownership, if such consignment is merely incidental to the regular, separate, fixed and established business of the consignee, other than a transportation business." Paragraph "b" of the substitute bill provides "if such person (other than a transportation company) has in his possession under a bona fide consignment contract (enumerating specific items) as an incident to a separate, fixed and established business conducted by him the said possession shall be deemed ownership under this Act." While there is a variation in the language used it would seem that the provisions of either bill will prevent a person, as defined by the Act, from transporting goods, wares and merchandise under a consignment contract where the established business of said person is that of transporting goods, wares and merchandise.

We trust that we have satisfactorily complied with your request.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By        Lee Shoptaw

Lee Shoptaw
Assistant

LS:LM

APPROVED MAR 13, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

